Argued and submitted September 10, 1986, affirmed March 11, 1987

In the Matter of
David Edward Strickland, a Child.
## STATE ex rel JUVENILE DEPARTMENT
OF BENTON COUNTY,
*Respondent,*

*v.*

STRICKLAND,
*Appellant.*

(CA A37958)

733 P2d 932

Brian P. Jackson, Albany, argued the cause and filed the brief for appellant.

Carol Munson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this juvenile court proceeding, the child appeals from an order denying his motion to remand three citations charging traffic offenses from the Corvallis Municipal Court to the juvenile court. The issues are whether *former* ORS 419.533(1)(a)[1] prohibits the blanket remand of traffic cases involving juveniles under the age of 16 and, if not, whether such a remand violates Article I, section 20, of the Oregon Constitution or the Fourteenth Amendment. We affirm.

On November 13, 1972, the circuit court, sitting as the juvenile court and pursuant to *former* ORS 419.533(3) (now ORS 419.533(5)), ordered that "all cases involving violation of law or ordinance relating to the use or operation of a motor vehicle, boating laws or game laws be remanded to the appropriate criminal or municipal court." On August 9, 1985, the child was cited for three traffic offenses, one being a Class A misdemeanor. Pursuant to the "blanket" remand order, the child was cited into the Corvallis Municipal Court. In September, 1985, the child moved that the circuit court remand the citations to the juvenile court. The motion was denied. The child assigns error to that action.

■     As a preliminary matter, the state suggests that we should dismiss this case as moot, because the child is now 16. However, that fact is irrelevant. This case turns on whether the blanket remand order was valid as to a child who was 15 at the time when it operated on him. If it was not valid, then the child must be tried in juvenile court, because *former* ORS 419.533(1) did not permit an individual remand of a 15-year-old child. Even if, as the state argues, the juvenile court could have waited until the child turned 16[2] and *then* exercised its power to remand him individually to adult court, *see former* ORS 419.533(1), we will not assume that a court would exercise that power before it is given an opportunity to do so. The case is not moot.

■     We turn to the merits. At the time the child was cited, *former* ORS 419.533 provided, in relevant part:

---

[1] *Former* ORS 419.533 was substantially amended by Or Laws 1985, ch 631, § 1.

[2] Under the law in effect at the time when the child allegedly committed the traffic offenses, remand for adult prosecution was conditioned on age at time of *remand. See former* ORS 419.533(1)(a).

"(1)  A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a)  The child is at the time of the remand 16 years of age or older;

"(b)  The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c)  The juvenile court determines that retaining jurisdiction will not serve the best interests of the child * * *.

"* * * * *

"(3)  The juvenile court may enter an order directing that all cases involving violation of law or ordinance relating to the use or operation of a motor vehicle, boating laws or game laws be remanded to criminal or municipal court, subject to the following conditions:

"(a)  That the criminal or municipal court prior to hearing a case, other than a case involving a parking violation, in which the defendant is or appears to be under 18 years of age notify the juvenile court of that fact; and

"(b)  That the juvenile court may direct that any such case be remanded to the juvenile court for further proceedings."

The child argues that subsection (1)(a) limits blanket remand orders under subsection (3) to motor vehicle cases involving children 16 or over. We disagree.

■     In construing a statute, we attempt to ascertain the intent of the legislature, and our threshold inquiry is the language of the statute itself. *White v. Safeco Insurance Co.,* 68 Or App 11, 14, 680 P2d 700, *rev den* 297 Or 492 (1984). Unfortunately, the legislature did not clearly express its intent as to the relationship between subsection (1) and (3). We therefore look at extrinisic evidence of legislative intent. *See Sager v. McClenden,* 296 Or 33, 37, 672 P2d 697 (1983).

*Former* ORS 419.533 was originally enacted in 1959, as part of a complete revision of the Juvenile Code. Or Laws 1959, ch 432, § 31. The revision was the result of work done by the Legislative Interim Committee on Judicial Administration. *See* 1957 SJR No. 24. The committee's report states:

"Section 31 provides for remand of cases to criminal court.

*Except for motor vehicle cases, such remand must be* on the merits of the particular case and *within the limitations of section 31(1).* * * *

"Subsection (2) of section 31 [*former* ORS 419.533(3)] provides that motor vehicle offenses by children may be remanded en masse to the traffic courts. * * * [T]he committee recommends that the juvenile court may retain jurisdiction of *all* these cases or it may remand them *all,* subject to a requirement that the traffic court notify the juvenile court of *all* cases involving children and that the juvenile court be authorized to re-remand to itself cases which suggest that the child needs special treatment or supervision. This, we believe, will allow the routine violations to be handled in traffic court, but also allow the juvenile court to take over a child with repeated traffic offenses or other behavior problems which indicate that trouble is ahead unless the juvenile court intervenes. In any event, there will be a general order of the juvenile court for the guidance of police officers making arrests in the county who now are often at a loss to know how to proceed." Report of the Legislative Interim Committee on Judicial Administration, Part II Juvenile Law, submitted to the Governor of Oregon and the 50th Legislative Assembly on January 1, 1959. (Emphasis supplied.)

The emphasized language in particular indicates that the legislature did not intend the blanket remand subsection to be subject to the age limit contained in subsection (1)(a).

The structure of the statute also bolsters that conclusion. As the trial court pointed out, the legislature could have made the blanket remand provision a subpart of subsection (1), if it had intended the provision to be subject to the age limit. Instead, the legislature chose to make it a separate subsection. The legislature also could have made some explicit cross-reference between the blanket remand provision and subsection (1), as it did in the 1985 amendments to the statute. *See* ORS 419.533. For these reasons, we conclude that *former* ORS 419.533(1)(a) did not prohibit the blanket remand of traffic, game and boating cases involving juveniles under the age of 16.

■ The child's final argument is that applying *former* ORS 419.533(3) to children under 16 who commit traffic, game and boating offenses unfairly discriminates against them in violation of Article I, section 20, and the Fourteenth Amendment. He argues that there is no rational basis for

removing them from "the protective and rehabilitative elements of the juvenile court" when all other 15-year-old persons who commit acts which would be crimes if committed by adults cannot be removed from that environment. Assuming that being tried in juvenile court is a "privilege" or "immunity" within the meaning of Article I, section 20, and that there is a cognizable "class" here, we agree with the state that permitting prosecution of juveniles in adult courts in boating, game and traffic cases "is a rational alternative to glutting juvenile courts with non-serious offenders who would not profit from the rehabilitative efforts of the juvenile system." The trial court correctly held that the application of *former* ORS 419.533(3) to juveniles under 16 does not violate either Article I, section 20, or the Fourteenth Amendment.

Affirmed.