STATE OF OREGON,
*Respondent,*

*v.*

JAMES McCLELLAN TYLER,
*Appellant.*

(10-89-09677; CA A64264)

815 P2d 1289

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Defendant appeals his convictions on four counts of first degree rape and two counts of first degree sodomy. He demurred to the indictment on the ground that the Statute of Limitations barred the prosecutions. ORS 135.630; ORS 132.540(1)(c). The trial court denied the motion, and we reverse.

The indictment alleged that the crimes occurred between November 20, 1983, and December 25, 1985. In 1985, the limitation period for both crimes was three years, and that period expired on December 25, 1988, at the latest. *Former* ORS 131.125(2)(a). In 1989, the legislature extended the limitation period to six years for certain crimes, including those at issue here.[1] Or Laws 1989, ch 831, § 1. The state filed the indictment on November 20, 1989, after the effective date of the statute.

Defendant contended in his opening brief that application of the amended Statute of Limitations denies him due process and violates the prohibition of *ex post facto* laws. He did not raise the issue of retroactivity. The state argued in its brief that we cannot consider that issue, because defendant had not raised the issue on appeal. Defendant then filed two memoranda of additional authorities, arguing that the statute does not apply retroactively. A memorandum of additional authorities is not a proper vehicle for raising arguments that could have been raised in the party's brief. ORAP 5.85(1). Nevertheless, we reach the retroactivity issue, because it is usually preferable to decide a case on nonconstitutional grounds if it can be done. *See State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988).

■ In interpreting a statute, our function is to determine the intent of the legislature. *Rhodes v. Eckelman,* 302 Or 245, 728 P2d 527 (1986). To that end, we look first to the

---

[1] ORS 131.125(2) now provides, in part:

"A prosecution for any of the following felonies may be commenced within six years after the commission of the crime, if the victim, at the time of the crime, was under 18 years of age:

"(d) Rape in the first degree under ORS 163.375.

"\* \* \* \* \*

"(g) Sodomy in the first degree under ORS 163.405."

language of the statute. *State ex rel Juv. Dept. v. Strickland,* 84 Or App 272, 275, 733 P2d 932 (1987). The statute here contains no provision for retroactive application. The legislature's silence is a strong indication that it did not intend the statute to apply retroactively. *See Rhodes v. Eckelman, supra,* 302 Or at 249.

◼        Furthermore, we presume that the legislature did not intend a statute to be applied retroactively when that would "impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 343, 367 P2d 436 (1961); *Multnomah County v. $56,460 In U.S. Currency,* 100 Or App 144, 785 P2d 367 (1990). Here, the former limitation period had expired before the legislature extended it. Applying the extended limitation period to the crimes alleged here would impair defendant's right to be free from prosecution that had already inured by expiration of the period in the old statute. The new, extended limitation period does not apply.[2]

Reversed.

---

[2] We do not address the statute's applicability to cases that were not barred when the statute was amended. *See Nichols v. Wilbur.* 256 Or 418, 473 P2d 1022 (1970).