Submitted on record and brief March 11, 1991, reversed and remanded
February 26, 1992

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM H. DUFORT,
*Respondent.*

## (CM90-0329; CA A65914)

827 P2d 192

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, Salem, filed the brief for appellant.

Mark D. Donahue, Corvallis, waived appearance for respondent.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DEITS, J.

## DEITS, J.

The state appeals a trial court order allowing defendant's demurrer to an information charging him with sexual abuse in the second degree.[1] ORS 163.415. The demurrer was based on the Statute of Limitations. We reverse.

On April 20, 1990, the district attorney filed an information, accusing defendant of having committed "on or about November, 1987," the crime of sexual abuse in the second degree by subjecting a person under 18 years of age to sexual contact. ORS 163.415. At the time of the alleged crime, ORS 131.125(2)(b) required that a prosecution for a misdemeanor, which this is, be commenced within two years after its commission. In 1989, that statute was renumbered ORS 131.125(3)(a) and amended to extend the limitation to four years, if the victim of the crime was under 18 years of age. Or Laws 1989, ch 831, § 1. The amendment became effective on October 3, 1989, approximately one month before the two-year limitation for the crime alleged here would have expired. The information was filed after the last day of the former two-year limitation, but within the new four-year period.

Defendant demurred:

"The information contains matter which, if true, is a legal bar to the action in that the action was not commenced within the limitation period prescribed by law."

The court sustained the demurrer, explaining that the limitation period in ORS 131.125 had been amended and that an appellate ruling on the applicability of the amendments was preferable to permitting the case to go to trial, if it ultimately might have to be dismissed.

The state contends that the amended statute should be applied to crimes committed before it was enacted and that such an application of the statute does not violate Article I, section 10, of the United States Constitution or Article I, section 21, of the Oregon Constitution, which prohibit *ex post facto* laws.

---

[1] The state appealed defendant's demurrers in two separate cases that were consolidated for trial. Because the alleged crime in the second case, CA A65915, was not one for which the Statute of Limitations was amended, the state dismissed its appeal in that case.

■ The threshold question is whether the legislature intended the new limitation period to apply to crimes committed before the effective date of the amendment. The first inquiry in determining legislative intent is to examine the language of the statute itself. *Boone v. Wright*, 110 Or App 281, 284, 822 P2d 719 (1991). As amended in 1989, ORS 131.125(3)(a) provides:

> "A prosecution for any of the following misdemeanors may be commenced within four years after the commission of the crime, if the victim, at the time of the crime, was under 18 years of age:
>
> "(a) Sexual abuse in the second degree under ORS 163.415."

The statute does not distinguish between prosecutions for crimes committed before and after the amendment was enacted.[2]

The statute was amended in response to growing public concern about and awareness of child abuse. The legislature responded to reports that molested children frequently delay disclosure of sexual abuse, that, like fraud and forgery, child abuse is a crime in which the perpetrator acts to keep it secret and unreported and that it is often repeated against another child, especially a younger sibling. Tape recording, Joint Conference Committee on HB 2431, June 28, 1989, Cassette 1, Side A at 010-045; Exhibits Q, R, S, House Judiciary's Crime and Corrections Subcommittee, February 9, 1989.

---

[2] ORS 131.125(3)(a) was amended again in 1991 to provide:

"A prosecution for any of the following misdemeanors may be commenced *within four years after the commission of the crime*, or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 22 years of age or within four years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:

"(a) Sexual abuse in the second degree under ORS 163.415."

Oregon Laws 1991, chapter 388, section 2, specifically addresses the application of that law to crimes committed before its enactment:

"The amendments to ORS 131.125 by section 1 of this Act apply to all causes of action whether arising before, on or after the effective date of this Act [September 29, 1991], and shall act to revive *any cause of action barred by ORS 131.125 (1989 Edition)* if the action is commenced within the time allowed by ORS 131.125 as amended by section 1 of this Act." (Emphasis supplied.)

Because we conclude that the action here was not barred by the 1989 statute, we do not discuss the effect of the 1991 Act.

■　　　Oregon courts have not established a rule of law regarding the application of an extended Statute of Limitations in a criminal case when the legislature has not expressly addressed the question. In the civil context, the Supreme Court said:

> " 'It is * * * well settled than an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action *is not retroactive legislation*, and does not impair any vested right.' " *Nichols v. Wilbur*, 256 Or 418, 420, 473 P2d 1022 (1970). (Citation omitted; emphasis supplied.)

The Washington Supreme Court reached a similar conclusion in a case involving the extension of limitations in certain criminal cases where the limitations period had not already run:

> "[S]tatutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute. Since they are measures of public policy only, and subject to the will of the Legislature as such, they may be changed or repealed in any case where the right to a dismissal has not been absolutely acquired by the completion of the running of the statutory period of limitation." *State v. Hodgson*, 108 Wash 2d 662, 667, 740 P2d 848 (1987). (Citations omitted.)

As pointed out in that case, other jurisdictions that have considered the issue have also held that the extension of a limitation applies to offenses not already time barred when the new period was adopted and that such an application does not violate *ex post facto* prohibitions.

　　　We conclude that it is consistent with the purpose of this legislative change, and with pertinent case authority, to conclude that the amended Statute of Limitations is not retroactive legislation and that it applies to incidents of sexual abuse that had not yet been barred under the previous statute.[3]

---

[3] In *State v. Tyler*, 108 Or App 378, 815 P2d 1289 (1991), we held that an extended limitation period did not apply to a criminal prosecution where the shorter period had expired before the longer period was enacted. We specifically noted there that we were not deciding the statute's application when the action was not barred at the time that the statute was amended. 108 Or App at 381 n 2. As pointed out in an often quoted statement by Judge Learned Hand:

We also conclude that the application of the extended period in this case does not violate Article I, section 10, of the United States Constitution or Article I, section 21, of the Oregon Constitution.[4] The *ex post facto* provisions in both constitutions, which are applied similarly, were written "to prevent vindictive and arbitrary criminal legislation and to provide fair notice of those acts which will subject an individual to criminal sanctions." *State v. Burke*, 109 Or App 7, 11, 818 P2d 511 (1991), *rev den* 312 Or 589 (1992). However, only certain categories of law with retrospective application are prohibited.[5] *Collins v. Youngblood*, 497 US 37, 110 S Ct 2715, 111 L Ed 2d 30, 44 (1990). In *State v. Gallant*, 307 Or 152, 155, 764 P2d 920 (1988), the Supreme Court summarized those categories:

> "Generally speaking, *ex post facto* laws punish acts that were legal at the time they occurred, change the punishment for those acts, or deprive the defendant of a defense for those acts."

An extension of a limitation does not punish acts that were legal at the time that they occurred or impose a greater punishment. The question remains whether it deprived the defendant of a defense available according to law at the time

---

"Certainly it is one thing to revive a prosecution already dead and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the state forgives it." *Falter v. United States*, 23 F2d 420, 425 (2nd Cir), *cert den* 277 US 590 (1928).

[4] Oregon Constitution, Article I, section 21, provides:

"No *ex post facto* law * * * shall ever be passed * * *."

United States Constitution, Article I, section 10, provides:

"No state shall * * * pass any * * * *ex post facto* law * * *."

[5] The categories, defined originally in *Calder v. Bull*, 3 US (3 Dall.) 386, 1 L Ed 648 (1798).

"1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates a crime*, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offense, *in order to convict the offender*." (Emphasis in original.)

when the act was committed. However, as explained by the United States Supreme Court in *Collins v. Youngblood, supra*, 497 US at ___, that category is not so broad as to include any law that takes away a defense. Rather, the term "defense"

> "was linked to the prohibition on alterations in 'the legal definition of the offense' or 'the nature or amount of the punishment imposed for its commission.' "

Here, the extension does not alter the definition of the crime nor the amount or nature of the punishment. We hold that the application of the extended limitation does not involve an impermissible *ex post facto* application of the law and that the trial court erred in allowing defendant's demurrer.

Reversed and remanded.