Submitted on record and briefs May 2, affirmed November 2, 1994, petition for review denied January 25, 1995 (320 Or 507)

# FRED HENRY RITCHERSON,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

## (9308-05392; CA A82396)

884 P2d 554

Garrett A. Richardson, Multnomah Defenders, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioner appeals the dismissal of his petition for post-conviction relief. He contends that the trial court applied the wrong Statute of Limitations and, as a result, improperly denied his motion to withdraw his petition and granted the state's motion to dismiss. We affirm.

Petitioner was convicted of public indecency, and his conviction became final March 30, 1993, when his appeal was dismissed.[1] *Pro se* petitioner filed a petition for post-conviction relief on August 19, 1993. The petition was untimely under ORS 138.510(2) (*since amended by* Or Laws 1993, ch 517, § 1), which provided 120 days from the date the conviction was entered or the appeal became final to file a petition for post-conviction relief. Petitioner's attorney filed an amended petition on November 8, 1993. The state moved to dismiss the petition based on the Statute of Limitations in effect at the time petitioner's appeal became final. Petitioner then moved to withdraw his petition with leave to refile at a later time. The trial court denied petitioner's motion to withdraw his petition and granted the state's motion to dismiss.

■ Petitioner assigns as error the trial court's denial of his motion to withdraw his petition.[2] The trial court denied the motion based on its interpretation of ORS 138.510(2), which sets forth the applicable Statute of Limitations. Before 1993, ORS 138.510(2) provided:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following * * *:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

---

[1] The appeal was dismissed for petitioner's failure to serve and file a brief. ORAP 1.20.

[2] We presume petitioner intended to refile a new petition for post-conviction relief in an attempt to take advantage of the two-year Statute of Limitations under ORS 138.510(2). However, even if petitioner was allowed to refile a new petition for post-conviction relief, for the reasons discussed below, he would not be entitled to the enlarged Statute of Limitations.

An amendment to ORS 138.510(2), which took effect November 4, 1993, enlarged the period for filing post-conviction relief petitions from 120 days to two years. In addition, the amended statute contains a retroactive provision allowing a one-year filing period for "petitions filed by persons whose convictions and appeals became final before August 5, 1989 * * *." ORS 138.510(3).[3] Petitioner contends that the 1993 amendments to ORS 138.510(2) should be applied retroactively so that persons whose convictions became final between August 5, 1989, and November 4, 1993, have a right to file a petition within two years of the effective date of the amendment. We disagree.

■■ In determining the effect to be given to a statute, whether it be denominated prospective or retroactive, the function of the court is to determine the intent of the legislature. *Rhodes v. Eckelman*, 302 Or 245, 248, 728 P2d 527 (1986). The starting point in discerning legislative intent is to examine the text and context of the statute itself. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The text of ORS 138.510(2) does not indicate whether the legislature intended the enlarged two-year limitation to apply to petitions filed by individuals whose convictions or appeals became final before the effective date of the amendment. Turning to the context of ORS 138.510(2), it is relevant, though not dispositive, that the legislature did include a retroactive provision for convictions and appeals that became final before August 5, 1989. *See* ORS 138.510(3). The existence of this provision indicates that the legislature was aware of the possibility of retroactive application and chose to limit such application of the statute to the time period before August 5, 1989.

■ Because the intent of the legislature cannot be determined from the text and context of the statute, we next consider legislative history. *PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611-12. However, the legislative history of ORS 138.510(2) is silent on the question of retroactive application. Accordingly, we turn to additional aids to

---

[3] Before August 5, 1989, there was no Statute of Limitations for petitions for post-conviction relief. On that date, a 120-day limitation came into effect pursuant to ORS 138.510(2); however, the Supreme Court ruled that that limitation period did not apply retroactively. *Boone v. Wright*, 314 Or 135, 836 P2d 727 (1992).

statutory construction. *PGE v. Bureau of Labor and Industries, supra*, 317 Or at 612. When the legislature modifies a Statute of Limitations, such changes have generally been given prospective application in the absence of legislative direction otherwise. *Boone v. Wright, supra*, 314 Or at 139; *State v. Tyler*, 108 Or App 378, 380-81, 815 P2d 1289 (1991); *Bergstad v. Thoren*, 86 Or App 70, 73, 738 P2d 223 (1987). In both civil and criminal contexts, enlarged Statutes of Limitations have been applied retroactively, but only for claims that were not yet barred by the previous limitation. *Nichols v. Wilbur*, 256 Or 418, 419-20, 473 P2d 1022 (1970); *State v. Dufort*, 111 Or App 515, 519, 827 P2d 192 (1992). We adopt a similar approach here. At the time petitioner's appeal became final, he was subject to the 120-day Statute of Limitations, which expired *before* the enlarged limitations period took effect. We decline to apply the statute retroactively to revive a claim which was previously barred. *See State v. Tyler, supra*, 108 Or App at 381. The trial court properly denied petitioner's motion to withdraw his petition for post-conviction relief and granted the state's motion to dismiss.

Affirmed.