Argued and submitted February 21, affirmed September 5, 2001

STATE OF OREGON,
*Respondent,*

*v.*

RAYMOND LEWIS HUTCHISON,
*Appellant.*

97-1797; CA A104304

31 P3d 1123

James N. Varner argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals his convictions for 41 counts of various sexual offenses committed against his minor step-daughters. He contends that the trial court erred in denying his motion to dismiss the indictment on statute of limitations grounds. We affirm.

We state the facts in the light most favorable to the state, which prevailed at trial. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Melissa, the older of the two step-daughters, was born in 1978. Her younger sister, Rebecca, was born in 1980. Between 1986 and 1991, defendant sexually abused both children. He began sexually abusing Melissa when she was five. By the time she turned seven, defendant had progressed to sodomy and sexual intercourse with her. He began sexually abusing Rebecca when she was between three and seven, progressing to sodomy and sexual intercourse by the time she turned eight. The abuse occurred on a daily basis for extended periods of time. Defendant also took nude photos of the children and compelled them to watch movies with explicit sexual content.

Early in 1991, Melissa first reported to a Clackamas County school counselor that her mother and defendant had physically abused her and that defendant had forced her and her younger sister to watch "dirty movies." School officials reported the matter to the police.

Clackamas County Deputy Sheriff Wilkerson interviewed Melissa on February 6, and March 7, 1991. During the first interview, Melissa complained that defendant had verbally abused her and threatened her with bodily harm. During the second interview, however, Melissa told Wilkerson that, several months earlier, defendant had touched her through her clothing "on the breast area and then on another time in the buttocks area." Wilkerson asked Melissa whether any other type of sexual contact had occurred, and she replied that it had not.

Shortly after that, Wilkerson also interviewed Rebecca. He asked whether defendant had physically or sexually abused her, and she said that he had not.

Wilkerson referred the case to the Children's Services Division (CSD) (now the State Office for Services to Children and Families), which placed the children in foster care. While in foster care, the children did not disclose to CSD caseworkers any other type of sexual conduct by defendant. The children ultimately moved to Washington without defendant.

In 1997, after turning 18 years of age, Melissa returned to Oregon, went to the Molalla Police Department, and made a formal report of having been raped and sodomized by defendant between 1986 and 1991. On October 12, 1997, defendant was indicted for 41 counts of rape, sodomy, and sexual abuse in the first degree committed against Melissa and Rebecca.

Defendant moved to dismiss the indictment on the ground that all charges were time barred. According to defendant, the charges were subject to ORS 131.125(2), which provides that the state must commence prosecution "within six years after the offense is reported to a law enforcement agency." In this case, defendant argued, Melissa first reported that defendant had engaged in sexual abuse on March 7, 1991, when she reported to Wilkerson that defendant had touched her on the breast and on the buttocks. Thus, he concluded, the state had failed to prosecute within six years of the reporting of the offense.

The state conceded that allegations in the indictment relating to defendant touching Melissa on the breast before 1991 should be deleted as time barred. But the state insisted that disclosing one instance of conduct constituting sexual abuse does not constitute a report of any and all types of sexual abuse that may have occurred before the date of disclosure. According to the state, the statute imposes a six-year limitation period only as to "the offense" that actually was reported to the authorities.

The trial court agreed with the state, struck the portions of the indictment alleging that defendant had touched Melissa's breasts, and denied the motion to dismiss.

On appeal, defendant again argues that all counts are time barred. He argues that the six-year statute of limitations begins to run upon a "report" of sexual abuse and that Melissa's March 7, 1991, report to Wilkerson predated the indictment by more than six years. He reasons that, although Melissa did not report every form of sexual abuse that she had experienced to that date, when she reported the unlawful touching of her breasts and buttocks, "the duty to fully investigate and proceed within six years fully crystalized." In effect, defendant argues that the statute imposes on the state a duty to investigate all possible related offenses to one that actually is reported.

The state again argues that the statute does not apply to any offense other than "the offense" that has been reported. According to the state, the text of the statute makes clear that it requires that law enforcement officials have actual knowledge of each specific offense that has been reported before the six-year clock begins to run.

■ As pertinent to the offenses at issue in this case, ORS 131.125(2) provides:

> "A prosecution for any of the following felonies may be commenced within six years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 24 years of age or within six years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:
>
> "* * * * *
>
> "(d)   Rape in the first degree under ORS 163.375.
>
> "* * * * *
>
> "(g)   Sodomy in the first degree under ORS 163.405.
>
> "(k)   Sexual abuse in the first degree under ORS 163.427."

By its terms, the statute provides that "[a] prosecution for any of the following felonies" may be commenced "within six years after *the offense* is reported." (Emphasis added.) Thus, it first refers to a series of listed felony offenses, and then it refers to reporting "the offense." In context, the term "the

offense" plainly refers back to one of the particular felony offenses previously mentioned. Otherwise, the use of the definite article "the" makes no sense. *See Anderson v. Jensen Racing, Inc.*, 324 Or 570, 578-79, 931 P2d 763 (1997) (the definite article "the" functions as an adjective to denote a particular, specified thing, not a general, unspecified class of things). Defendant reads the statute as if the six-year period were triggered by the reporting of "*any* offense," but the statute simply does not say that.

Moreover, the statute applies only when the offense "is reported." The language plainly requires actual communication of the facts that form the basis for the particular offense reported. *See Webster's Third New Int'l Dictionary*, 1925 (unabridged ed 1993) (defining verb "report" as "to give an account of : narrate * * * to describe as being in a specified state or condition"); *see also Black's Law Dictionary*, 1303 (7th ed 1999) (defining the noun "report" as "a formal oral or written presentation of facts"). The statute contains no language suggesting that the state is on inquiry notice as to facts not reported. *See Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 230, 26 P3d 817 (2001) (whether a statute of limitations begins to run when one knows or should have known of sufficient facts depends on the language of the statute).

In this case, on March 7, 1991, Melissa reported to Wilkerson that defendant had touched her on her breasts. As to that offense, the six-year statute of limitations began to run, and, because of that, the trial court correctly struck from the indictment any mention of defendant touching Melissa's breasts. The reporting of that offense, however, did not begin the running of the six-year statute of limitations as to all other sex offenses that may have been committed up to that date.

■    Defendant argues that, even if Melissa's report did not trigger the statute of limitations as to all other offenses, it certainly triggered the statute as to the offense of sexual abuse in the first degree. Defendant reasons that, by reporting that he had touched her breasts, Melissa had reported "the offense" of sexual abuse in the first degree. Therefore, he concludes, the statute of limitations began to run as to all

instances of that offense, even those not based on the touching of her breasts.

We find no support in the language of ORS 131.125(2) for the proposition that reporting conduct that may constitute an offense triggers the statute of limitations as to all other conduct that may constitute other instances of the same offense. As we have noted, the statute of limitations as to each of the listed felonies begins to run only when specific factual information about conduct constituting "the offense" is reported. ORS 131.125(2). It does not begin to run as to an offense based on other conduct that was not reported. Each separate instance of criminal conduct is a separate offense and may be separately charged as such. Hence, the statute of limitations begins to run as to each separate offense only when the facts of each separate offense have been reported. Any other construction effectively reads into the statute an inquiry notice requirement as to all other conduct that may constitute other instances of the same offense as the one that has been reported. In the absence of language supporting such an inquiry notice requirement, we will not create one. ORS 174.010.

Affirmed.