Argued and submitted June 28, 2004, reversed and remanded with instructions to permit defendant to withdraw her plea of guilty in accordance with ORS 135.335(3) and to dismiss information February 16, 2005

STATE OF OREGON,
*Respondent,*

*v.*

DONNA MAY SAULS,
*Appellant.*

015967MI; A118900

106 P3d 659

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jill Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals her conviction for sexual abuse in the third degree. Defendant argues that the trial court erred in denying her motion to dismiss based on the statute of limitations. ORS 131.125(3)(a). We review for errors of law and reverse.

On December 11, 2001, defendant was charged by information with three counts of sexual abuse in the third degree based on allegations that, on or about March 15 and 20, 1996, defendant had various forms of sexual contact with V, who was 16 years old at that time. ORS 163.415(1)(b). Defendant moved to dismiss the charges on the ground that they were time-barred. ORS 131.125(3)(a). Defendant argued that the alleged offenses had already been reported to the authorities on multiple occasions and that the four-year statute of limitations began to run from the date of the reports. Defendant based her argument on five occurrences that she claims were reports of the charged offenses. The trial court denied the motion to dismiss. Pursuant to a conditional plea agreement, ORS 135.335, defendant pleaded guilty to Count I, which alleged that, "on or about the 15th day of March, 1996," defendant had subjected V "to sexual contact by [defendant] touching his penis." The remaining two counts were dismissed.

The first claimed report of third-degree sexual abuse on which defendant relies was made on March 18, 1996. Defendant's ex-husband, Lovell, reported to the State Office for Services to Children and Families (SCF) that defendant had been living with the victim, then 16 years old, since the victim was 14 years old and "having sexual relations with him." Lovell further reported that his and defendant's daughter had said that she had caught defendant and the victim "doing the nasty." Lovell also reported to the Medford Police Department on the same date that defendant "had an ongoing sexual relationship with a 16[-year-]old male, [V]" and believed "that sexual intercourse is occurring between his ex-wife and the juvenile." Lovell further stated that his daughter had told him that she had "caught her mother and [V] doing the big nasty." Lovell also suspected his daughter

had been abused because she had started wearing panty hose and makeup.[1]

The second claimed report was made over a year later on May 21, 1997. Lovell again called SCF and reported that defendant "has been in a sexual relationship with 17[-year-old V] for the past two years, and is now 6 months pregnant by him." No further investigation was made on the ground that the allegations had previously been investigated.

The third claimed report was made on July 24, 1997. On that date, defendant filed a birth certificate for her and V's child, listing V as the father but with a false date of birth, indicating that he was older than he really was. The fourth claimed report was made on September 9, 1997, when defendant filed for Supplemental Social Security Income benefits. The filing listed V as the father with his correct date of birth. The fifth claimed report was a January 3, 2000, letter sent to defendant by the Department of Human Services (DHS) denying her request for custody of her grandson because, during her interview, she admitted to having a sexual relationship with V and because DHS had "received concern from the community as early as 1995 regarding sexual activity between [V] and [defendant]."[2]

■ The trial court denied defendant's motion to dismiss because it found that the charged crimes had not been reported more than four years before the commencement of the prosecution. On appeal, defendant contends that the trial court erred in denying her motion to dismiss because the reports described above were sufficient to trigger the running of the statute of limitations.

---

[1] A follow-up on that report involved interviews of defendant, V, and the daughter, all of whom denied Lovell's allegations and denied any sexual contact or witnessing any sexual contact. The police and SCF agreed that they had no information to support criminal charges.

[2] The prosecutor pointed out, correctly, that the prosecution was commenced within four years of the 2000 report and that the prosecution would not be barred based on that report regardless of whether it was sufficient to trigger the statute of limitations. ORS 131.125(3).

ORS 131.125(3) provides, in part:

"A prosecution for any of the following misdemeanors may be commenced within four years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 22 years of age or *within four years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:*

"(a) Sexual abuse in the third degree under ORS 163.415."

(Emphasis added.) As noted above, defendant was charged with sexual abuse in the third degree under ORS 163.415.

We addressed what constitutes a "reported" offense within the meaning of ORS 131.125 in *State v. Hutchison,* 176 Or App 363, 31 P3d 1123 (2001). In *Hutchison,* a 13-year-old victim reported to the police that the defendant had "touched her through her clothing 'on the breast area and then on another time in the buttocks area,'" *id.* at 365, but denied any other form of sexual contact. Six years later, when the victim was 18 years old, the victim made another report that the defendant had "raped and sodomized" her when she was younger. We rejected the defendant's claim that the report that he had touched the victim "on the breast and on the buttocks" barred later prosecutions for rape, sodomy, and sexual abuse in the first degree. *Id.* at 366, 369. In doing so, we held that the plain language of ORS 131.125 required that "specific factual information about conduct constituting 'the offense' [be] reported" and that "the statute of limitations begins to run as to each separate offense only when the facts of each separate offense have been reported." *Id.* at 369. We rejected the defendant's argument that any report creates an "inquiry notice requirement" that would alert authorities to "all other conduct that may constitute other instances of the same offense." *Id.*

Defendant argues that the 1996 and 1997 reports made to SCF describing an "ongoing sexual relationship" and "sexual intercourse" necessarily encompass sexual abuse in the third degree. Therefore, according to defendant, the crime of third-degree sexual abuse was "reported" to the authorities within the meaning of ORS 131.125(3). The state

responds that the first, second, and third claimed reports made to SCF were insufficient to trigger the statute of limitations because a "report," within the meaning of ORS 131.125(3), must be offense specific, and the conduct described in the claimed reports did not constitute third-degree sexual abuse. In addition, the state argues that, even if the conduct described in those claimed reports did constitute a report of sexual abuse in the third degree, they were not reports of sexual abuse in the third degree on the particular date alleged in the information. With respect to the fourth claimed report, the state argues that it was not a "report" within the meaning of ORS 131.125(3) based on our decision in *State v. Walker*, 192 Or App 535, 86 P3d 690 (2004) (a report to an "other governmental agency" under ORS 131.125 means an agency with a duty to report under ORS 419B.010). Finally, with respect to the fifth claimed report, the state argues that defendant did not produce enough evidence to show that her admission of the sexual relationship with V occurred more than four years before the filing of the information.

Sexual abuse in the third degree is defined by ORS 163.415(1), which provides, in part:

> "A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:
>
> "* * * * *
>
> "(b) The victim is incapable of consent by reason of being under 18 years of age."

"Sexual contact" means "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6). As noted, the crime for which defendant was convicted concerned defendant touching the victim's penis, which is a "sexual or other intimate part[ ]" of a person.

In order to satisfy ORS 131.125, "actual communication of the facts that form the basis for the particular offense reported" is required. *Hutchison*, 176 Or App at 368. In

*Hutchison*, we rejected the defendant's claim that a report that he had *once* touched the victim on the breast and *once* on the buttocks but that no other sexual contact had occurred barred subsequent prosecution for rape, sodomy, and sexual abuse in the first degree based on events other than those described in the original report. We concluded that, while the report barred charges of sexual abuse based on the reported touching, it did not bar charges of sexual abuse that were not based on the reported touching. *Id.* at 368-69. As noted above, we rejected the assertion that a report creates some sort of "inquiry notice requirement" that would treat a report of one incident as encompassing any other instances of the same offense. *Id.* at 369.

Under *Hutchison*, the facts that needed to be communicated in order to constitute a report of sexual abuse in the third degree as alleged in Count I in the present case would be that defendant had "sexual contact" with V that involved touching his penis and that V was under 18 years of age at the time that the contact occurred.

In this case, we conclude that the second report described above served to trigger the statute of limitations as to the offense of sexual abuse in the third degree as alleged in Count I of the information. As noted above, Lovell reported to SCF on May 21, 1997, that defendant had been in a "sexual relationship" for the past two years with the victim, who was then 17 years old, and that defendant "is now 6 months pregnant by him." Certainly, that report provides specific information about an act of sexual intercourse that occurred some six months before the report—an act that necessarily involved defendant touching the victim's penis. We reject the state's argument that, under the rationale of *Hutchison*, the report must be regarded simply as a report of a single instance of sexual contact that occurred six months before the report and could not encompass the sexual contact alleged in the information to have occurred approximately one year before.

*Hutchison*, unlike the present case, involved a report of two specific incidents of touching accompanied by a denial that any other sexual contact had taken place. 176 Or App at 365. Thus, the report at issue in *Hutchison*, by its own terms,

was limited to two specific events and categorically denied any other sexual contact. Here, by contrast, the report asserted an ongoing "sexual relationship" of two years' duration. While the term "sexual relationship" might be somewhat ambiguous in some contexts, it is not ambiguous in this context. The person who reported the "sexual relationship" here reported that that relationship had resulted in defendant becoming pregnant by the victim. Thus, it is clear that the reporter understood "sexual relationship" to involve contact between defendant and the victim's penis. It is immaterial that the report provided *more* information about a sexual contact that had occurred six months before than it did about the sexual contacts that occurred earlier—the fact remains that it provided information about the ongoing sexual relationship, *i.e.*, sexual contact of the sort alleged in Count I of the information, that occurred earlier. This is not a situation like that in *Hutchison*—defendant is not suggesting that the police were on "inquiry notice" to investigate crimes not reported by the reporter (or even denied by the reporter). Here, the reporter reported a specific "sexual relationship" that involved sexual contact and provided the dates involved. Those dates encompass the date alleged in the information on which the sexual contact described in Count I occurred. *Compare Hall v. Lampert*, 196 Or App 285, 291, 100 P3d 1138 (2004) (report of sexual contact was insufficient to trigger statute of limitations because "the instances of sexual contact [reported] fell outside the time period encompassed by the charges").

We conclude that the report made on May 21, 1997, triggered the statute of limitations because it constituted a report of sexual abuse in the third degree as alleged in Count I of the information. As a result, the charges against defendant are barred pursuant to ORS 131.125(3)(a) because the information was not filed until December 11, 2001, more than four years after the report was made. We need not discuss whether any of the other reports triggered the statute of limitations since the May 1997 report resolves the case.

Reversed and remanded with instructions to permit defendant to withdraw her plea of guilty in accordance with ORS 135.335(3) and to dismiss information.