**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS GERALD ERICKSON, | No. 20-35100 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01466-IM |
| v. | |
| SUSAN WASHBURN, Superintendent of Eastern Oregon Correctional Institution, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted August 10, 2021**
Seattle, Washington

Before: BEA, BRESS, and VANDYKE, Circuit Judges.

Petitioner Thomas Erickson appeals the district court's denial of his habeas

petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and

2253(a), and we review the district court's decision de novo. *Boyer v. Belleque*, 659

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 957, 964 (9th Cir. 2011).  We affirm.[1]

Petitioner raises two certified ineffective assistance of counsel (IAC) claims based on his trial counsel's purported failure to present two claimed meritorious statute-of-limitation (SOL) arguments.  In his first certified claim, Petitioner argues that his trial counsel failed to argue that only the pre-1989 SOL applied to most of his sex crimes, which therefore barred prosecution of those crimes.  In his second certified claim, Petitioner argues that his trial counsel failed to investigate a report of his sexual misconduct, which included eyewitness accounts indicating that Petitioner may have engaged in sexual misconduct with the victim, and that this report would have triggered the SOL under Oregon law and therefore barred prosecution of at least some of the sex crimes for which he was convicted.

To prevail on IAC claims, the petitioner must show both (1) deficient performance and (2) prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Evaluation of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  A lawyer is not required to make an argument "which he knows to be meritless on the facts and the law" to adequately represent his client.  *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).  And a petitioner claiming IAC must also establish a "reasonable probability that, but for counsel's

---

[1] The parties are familiar with the facts, so we discuss them here only as necessary.

2

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Petitioner's trial counsel's conduct fell well within the wide range of reasonable professional assistance, especially when applying *Strickland*'s highly deferential standard. *See Strickland*, 466 U.S. at 689. His counsel could have reasonably interpreted Oregon law as rejecting both SOL arguments.

With respect to Petitioner's first certified claim, more than a decade before his trial, Oregon courts had already determined that the 1989 amendments to the SOL applied to crimes committed before those amendments became effective—as long as the previous SOL for those crimes had not yet expired. *State v. Dufort*, 827 P.2d 192, 194 (Or. Ct. App. 1992); *see also State v. Harberts*, 108 P.3d 1201, 1207 (Or. Ct. App. 2005) (affirming *Dufort*), *rev. den.*, 136 P.3d 1123 (Or. 2006). That was the circumstance for Petitioner's crimes, which is presumably why his trial counsel didn't pursue that foreclosed argument.

With respect to Petitioner's second certified claim, the report Petitioner relies on did not disclose specific facts that formed any basis for the sexual misconduct offenses of which he was ultimately convicted. *See Statev. Eladem*, 414 P.3d 426, 430 (Or. Ct. App. 2018), *rev. den.*, 421 P.3d 352 (Or. 2018); *Statev. Hutchison*, 31 P.3d 1123, 1125 (Or. Ct. App. 2001). Petitioner's trial counsel could have reasonably viewed the report as insufficiently specific to trigger the SOL under

Oregon law. *See id.*

Because Petitioner's trial counsel could have reasonably interpreted Oregon law as rejecting both of his SOL arguments, his trial counsel's choice not to raise these arguments did not qualify as deficient assistance, nor was it prejudicial. *See Lowry*, 21 F.3d at 346.[2]

**AFFIRMED.**

---

[2] We decline to expand the Certificate of Appealability to include Petitioner's uncertified claim, and therefore dismiss the uncertified claim for lack of jurisdiction. *See* 9th Cir. R. 22–1(e); *Doe v. Woodford*, 508 F.3d 563, 569 (9th Cir. 2007).