2008-NMCA-063

183 P.3d 970

STATE of New Mexico, Plaintiff–Appellant,

v.

Ray WHITTINGTON, Defendant–Appellee.

No. 27,131.

Court of Appeals of New Mexico.

March 26, 2008.

Gary K. King, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Appellant.

The Jones Witt Law Firm, S. Doug Jones Witt, Roswell, NM, for Appellee.

## OPINION

VIGIL, Judge.

{1} The district court dismissed one count of a criminal complaint charging Defendant with criminal sexual contact of a minor (CSCM) on grounds that the prosecution was barred by the statute of limitations. The State appeals, contending that the district court erred in its application of the tolling statute, NMSA 1978, Section 30–1–9.1 (1987), and in its resolution of the factual dispute as to when the statute of limitations began to run. We reverse and remand.

### BACKGROUND

{2} This case originated from allegations that Defendant had criminal sexual contact with multiple minor females. In March 1994, the Children, Youth and Families Department (CYFD) was contacted by a source alleging that she had been sexually abused by Defendant. The source also expressed concern for several minor females Defendant was spending time with including Denise, the alleged victim in this case, although the source stated that she did not know if any kind of sexual abuse was actually occurring. CYFD conducted an investigation into the allegations of possible abuse and each of the females that was identified, including Denise, was interviewed. Neither Denise nor any of the other females reported any sexual contact with Defendant. The investigation was concluded in April 1994, and the allegations were determined to be unsubstantiated.

{3} While investigating the allegations of yet another minor female, Sergeant Bill Goodson with the Artesia Police Department contacted Denise in June 2005, after having identified her as a possible victim of sexual abuse by Defendant. It is undisputed that in June 2005, Denise informed Sergeant Goodson that Defendant had touched her breast on one occasion. There is a factual dispute, however, as to whether this was the first time Denise had reported the incident.

{4} On October 3, 2005, Sergeant Goodson filed a criminal complaint in magistrate court, charging Defendant with three counts of CSCM for conduct involving Denise and two other minor females. When the State filed its criminal information in district court, it reduced the number of charges to two counts of CSCM in violation of NMSA 1978, Section 30–9–13(B)(1) (2003). Only the first count is relevant to this appeal.

{5} Count 1 of the criminal information charged Defendant with "unlawfully and intentionally touch[ing] or apply[ing] force to the unclothed intimate parts of Denise . . ., a child under thirteen years of age[.]" Further, Count 1 stated that the alleged conduct occurred "on or about 1995 or 1996." The State then filed an amended criminal information revising the date of the alleged conduct to "on or between March 1994 and December 1995." In response to the amended criminal information, Defendant moved to dismiss Count 1 on statute of limitations grounds.

{6} Defendant's motion to dismiss was premised on the 1994 CYFD investigation into concerns that Defendant may have engaged in CSCM with Denise. Section 30–1–9.1 directs that the six-year statute of limitations for commencing a prosecution alleging CSCM of a minor in violation of Section 30–9–13(B)(1) does not commence "until the victim attains the age of eighteen or the violation is reported to a law enforcement agency, whichever occurs first." Section 30–1–9.1. The Defendant argued that the alleged criminal sexual contact between Defendant and Denise was reported to CYFD in 1994 and that, under Section 30–1–9.1, the statute of limitations expired in 2000. In addition to the general allegations reported to CYFD in 1994, Defendant pointed to a supplemental incident report in which Sergeant Goodson wrote that Denise "had told the interviewer that [Defendant] had touched her breast" during the 1994 interview conducted as part of CYFD's investigation.

{7} The State countered Defendant's argument by asserting that the incident Defendant was charged with occurred after the CYFD report and, thus, could not be the violation that was reported to CYFD. The State also asserted that the CYFD investigation did not rise to the level of being a report of "the violation" because the information CYFD received was limited to general concerns the source had about several children based on her own abuse. Further, the State argued that to the extent there were facts in dispute that related to when the violation occurred or when it was reported, these were factual issues that should be decided by the jury.

{8} The district court granted the motion to dismiss, determining that the six-year statute of limitations for the CSCM charge had expired. Specifically, the district court rejected the State's suggested construction of Section 30–1–9.1 as "too narrow," determined that the requirements of Section 30–1–9.1 were satisfied in 1994, and concluded that the statute of limitations therefore expired in 2000. The State appeals.

## DISCUSSION

{9} On appeal, the State argues that the district court misapprehended the meaning of Section 30–1–9.1 and resolved factual issues best left for the jury. We address each of these issues below.

## I. Interpretation of Section 30–1–9.1

{10} Section 30–1–9.1 tolls the running of the statute of limitations for criminal sexual acts committed against minors. Section 30–1–9.1 provides:

> The applicable time period for commencing prosecution pursuant to Section 30–1–8 NMSA 1978 [1] shall not commence to run for an alleged violation of Section 30–6–1 [2], 30–9–11 [3] or 30–9–13 NMSA 1978 until the victim attains the age of eighteen or the violation is reported to a law enforcement agency, whichever occurs first.

Section 30–1–9.1 acts to extend the time within which Defendant's prosecution was required to commence to six years from the time Denise turned eighteen or the violation was reported to a law enforcement agency. *See* Section 30–9–13(B)(1) (providing that sexual contact with the unclothed intimate parts of a child under thirteen is a second degree felony); Section 30–1–8(A) (providing a six-year statute of limitations for second degree felonies). Defendant argues that the district court was correct in dismissing Count 1, as the 1994 report to CYFD was sufficient to trigger the running of the statute of limitations. The State responds that the report to CYFD did not trigger the statute of limitations because Section 30–1–9.1 requires that the actual incident Defendant is charged with be the one that was reported to a law enforcement agency, and that a report must be more specific than a general allegation that a violation *may* have occurred. We agree with the State.

{11} "The meaning of language used in a statute is a question of law that we review de novo." *State v. McWhorter*, 2005–NMCA–133, ¶ 5, 138 N.M. 580, 124 P.3d 215. When interpreting statutory language, our

1. NMSA 1978, Section 30–1–8 (2005)

2. NMSA 1978, Section 30–6–1 (2005)

3. NMSA 1978, Section 30–9–11 (2007)

primary goal is to give effect to the intent of the Legislature. *State v. Torres,* 2006–NMCA–106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. The primary indicator of legislative intent is the plain language of the statute. *State v. Young,* 2004–NMSC–015, ¶ 5, 135 N.M. 458, 90 P.3d 477. Thus, absent an express legislative intent to the contrary, "[w]e look first to the words chosen by the Legislature and the plain meaning of the Legislature's language." *State v. Martinez,* 1998–NMSC–023, ¶ 8, 126 N.M. 39, 966 P.2d 747; *see also State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) ("The words of a statute, including terms not statutorily defined, should be given their ordinary meaning absent clear and express legislative intention to the contrary."). "Only when there exists a substantial doubt as to the meaning of the statutory language, or when the literal language of a statute leads to an absurd result, should a court depart from the plain meaning rule." *State v. Muniz,* 119 N.M. 634, 636, 894 P.2d 411, 413 (Ct.App.1995) (citing *State v. Gutierrez,* 115 N.M. 551, 552, 854 P.2d 878, 879 (Ct.App.1993)).

{12} This dispute centers on the meaning of the phrase "the violation is reported to a law enforcement agency" contained in Section 30–1–9.1. To determine the meaning of this phrase, we begin by looking at the ordinary and common usage of these words. *See Madrid v. Univ. of Cal.,* 105 N.M. 715, 716, 737 P.2d 74, 75 (1987) ("[W]ords are presumed to have been used in their ordinary sense, that is, that words are given their ordinary and usual meaning unless the context indicates otherwise." (internal citations omitted)). A "violation" is commonly understood to mean "[a]n infraction or breach of the law; a transgression" or "[t]he act of breaking or dishonoring the law; the contravention of a right or duty." *Black's Law Dictionary* 1564 (7th ed.1999). Immediately before "violation" the statute uses "the" with the result that the statute uses the phrase "the violation." The term "the" is "used as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context or the situation." *Webster's Third New International Dictionary* (unabridged) 2368 (1993). The

use of the definite article "the" therefore limits the meaning of "violation" to a "violation" previously mentioned in the statute. The only "violation" that the statute previously mentions is a prosecution for "an alleged violation of Section 30–6–1, 30–9–11 or 30–9–13." Section 30–1–9.1. It is evident that the Legislature intended the phrase "the violation" to refer solely to violations of Section 30–6–1, 30–9–11 or 30–9–13. Thus, we conclude that under Section 30–1–9.1, the statute of limitations to commence a prosecution for "a violation" of Section 30–6–1, 30–9–11 or 30–9–13 does not commence until the facts that form the basis for "the violation" of Section 30–6–1, 30–9–11 or 30–9–13 that is being prosecuted, were reported to a law enforcement agency.

{13} We find support for our reading of Section 30–1–9.1 in the Oregon Court of Appeals decision in *State v. Hutchison,* 176 Or.App. 363, 31 P.3d 1123 (2001). In *Hutchison,* the Oregon court addressed the necessary reporting requirements under a tolling statute similar to New Mexico's. The pertinent Oregon statute at that time, provided that the prosecution for specified felonies may commence within six years of commission of the offense or, "if the victim at the time of the crime was under [eighteen] years of age, anytime before the victim attains [twenty-four] years of age or *within six years after the offense is reported to a law enforcement agency or other governmental agency,* whichever occurs first." *Id.* at 1124–25 (emphasis added) (quoting ORS Section 131.125(2) (2001)). The Oregon court held that "[t]he language plainly requires actual communication of the facts that form the basis for the particular offense reported[,]" and that "the statute of limitations as to each of the listed felonies begins to run only when specific factual information about conduct constituting 'the offense' is reported." *Hutchison,* 31 P.3d at 1125. Due to the similarities between our statute and the Oregon statute, we find *Hutchison* persuasive and adopt its holding. *See State ex rel. Sandel v. N.M. Pub. Util. Comm'n,* 1999–NMSC–019, ¶ 14, 127 N.M. 272, 980 P.2d 55 ("[T]he Court may view cases from other jurisdictions interpreting practically identical

statutory language as persuasive authority.") (citing *State v. Warsop*, 1998–NMCA–033, ¶ 10, 124 N.M. 683, 954 P.2d 748).

{14} Returning to the plain language of the statute, Section 30–1–9.1 states, in simplified form, that the statute of limitations for "an alleged violation" is not triggered until "*the* violation is reported." Once again, the use of the definite article "the" refers back to "an alleged violation of Section 30–6–1, 30–9–11 or 30–9–13." Section 30–1–9.1. Based on the plain language of the statute, it is clear that "the violation" that was being reported is the same as the "alleged violation" that is being tolled. Thus, the reporting provision of Section 30–1–9.1 only triggers the statute of limitations for a specific violation that was reported to a law enforcement agency.

{15} The Oregon court adopted a similar interpretation of the tolling provision in its statute. In *Hutchison*, the victim reported in 1991 that her stepfather had "touched her through her clothing 'on the breast area and then on another time in the buttocks area.'" 31 P.3d at 1124. She did not, however, inform investigators of any other type of sexual contact until 1997, after she turned eighteen years of age, when she made a formal report that she had been raped and sodomized by her stepfather between 1986 and 1991. *Id.* According to the Oregon Court of Appeals: "Each separate instance of criminal conduct is a separate offense and may be separately charged as such. Hence, the statute of limitations begins to run as to each separate offense only when the facts of each separate offense have been reported." *Id.* at 1125. Thus, the Oregon Court of Appeals held that the victim's report in 1991, that her stepfather had touched her breast and buttocks through her clothing, did not constitute a report of or bar the stepfather's prosecution for the offenses of rape and sodomy. *Id.* at 1124–25.

{16} Our Legislature struck a balance between the protection of minors and persons charged with violations of Section 30–6–1, 30–9–11 or 30–9–13 by enacting Section 30–1–9.1. Absent proof of a due process violation by showing "prejudice and an intentional delay by the [S]tate to gain a tactical advantage," the State is "entitled to the preindict-

ment period that the [L]egislature, as a matter of public policy, has enunciated in the applicable statute of limitations[,]" and related tolling provisions. *See State v. Hill*, 2005–NMCA–143, ¶ 17, 138 N.M. 693, 125 P.3d 1175 (internal quotation marks and citation omitted). It is not within our province to second-guess these policy decisions. *See State v. Maestas*, 2007–NMSC–001, ¶ 14, 140 N.M. 836, 149 P.3d 933 ("Our role is to construe statutes as written and we should not second guess the [L]egislature's policy decisions.").

## II. Factual Issues Regarding Statute of Limitations

{17} The State contends that the disputed factual issues related to when the statute of limitations began to run on Defendant's CSCM charges are for the jury to decide. We agree.

{18} We have previously held that "'[w]here there are disputed questions of material fact as to whether a plaintiff is barred by the statute of limitations, these questions are to be decided by a jury.'" *Medina v. Fuller*, 1999–NMCA–011, ¶ 22, 126 N.M. 460, 971 P.2d 851 (quoting *Grondahl v. Bulluck*, 318 N.W.2d 240, 243 (Minn.1982)); *Rupp v. Hurley*, 1999–NMCA–057, ¶ 25, 127 N.M. 222, 979 P.2d 733 ("Ordinarily, statute-of-limitations issues are to be decided by the jury and cannot be decided on motion by the court if there are disputed material facts."). Furthermore, our courts have often required the jury to determine when the statute of limitations began to run in other circumstances. *See, e.g., Williams v. Stewart*, 2005–NMCA–061, ¶ 16, 137 N.M. 420, 112 P.3d 281 ("Historically, the courts of this state have characterized the application of the discovery rule as a jury question, particularly when conflicting inferences may be drawn."). We see no reason for establishing a different mechanism for determining when the statute of limitations is triggered under Section 30–1–9.1. Thus, to the extent that there was conflicting evidence regarding when the violation occurred or when a report was made, these issues must be resolved by a jury. *See State v. Hughey*, 2007–NMSC–036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the

role of the factfinder to judge the credibility of witnesses and determine the weight of evidence.") (citing *State v. Ryan*, 2006–NMCA–044, ¶ 20, 139 N.M. 354, 132 P.3d 1040).

## CONCLUSION

{19} We reverse the district court's determination that the statute of limitations barred Defendant's prosecution for CSCM with the victim, Denise, and remand for further proceedings consistent with this opinion.

{20} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and IRA ROBINSON, Judges.