## ANIMAL PROTECTION OF NEW MEXICO V. NEW MEXICO GAME COMMISSION

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**ANIMAL PROTECTION OF NEW MEXICO,
THE HUMANE SOCIETY OF THE UNITED STATES,
MAYA ANTHONY, TERESA DUBOIS, JEAN OSSORIO, PETER OSSORIO, and
JOHN OTIS,
Plaintiffs-Appellants,
v.
NEW MEXICO GAME COMMISSION,
Defendant-Appellee.**

NO. A-1-CA-35441

COURT OF APPEALS OF NEW MEXICO

February 11, 2019

APPEAL FROM THE NEW MEXICO GAME COMMISSION, Paul M. Kienzle III, Chairman

**COUNSEL**

Riley Safer Holmes & Cancila, LLP, Bruce A. Wagman, San Francisco, CA, Jones, Snead, Wertheim & Clifford, P.A., Samuel C. Wolf, Santa Fe, NM, for Appellants

New Mexico Department of Game and Fish, Jacob Payne, General Counsel, Michael J. Thomas, Deputy General Counsel, Santa Fe, NM, for Appellee

**JUDGES**

KRISTINA BOGARDUS, Judge. WE CONCUR: LINDA M. VANZI, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** KRISTINA BOGARDUS

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Various individuals and wildlife protection organizations (Appellants) filed a direct appeal to this Court from the New Mexico Game Commission's (the Commission) 2016 amendment to a bear and cougar management and hunting rule (the Cougar Rule) promulgated under the New Mexico Fish and Game Act, NMSA 1978 §§ 17-1-1 to 17-2-32 (1921, as amended through 2015). Before briefing the merits, the Commission moved to dismiss the appeal, contending this Court lacks subject matter jurisdiction. We agree with the Commission and dismiss.

**BACKGROUND**

**{2}** The Cougar Rule establishes open hunting seasons and devises "regulations, rules, and procedures" governing the distribution and issuance of licenses to hunt cougars, setting forth the parameters for the length of cougar season and the areas in which cougars may be hunted, and authorizing certain hunting and trapping methods. *See* 19.31.11 NMAC. The Commission, pursuant to its regulatory authority, *see* NMSA 1978, §§ 17-1-14 (2015), 17-1-26 (1947), proposed certain changes to the Cougar Rule, which were adopted by the Commission after notice and opportunity for public comment. The revised version of the rule, which went into effect on April 1, 2016, made various changes to the predecessor version of the rule, including increasing the number of cougars that can be hunted in certain areas of the state, authorizing the trapping and snaring of cougars on state trust lands and private lands without a special permit, and shortening the sport trapping season.

**{3}** Appellants filed a direct appeal in this Court, arguing that the Commission's amendment to the Cougar Rule was without scientific support and was therefore arbitrary, capricious, and unsupported by substantial evidence.

**{4}** The Commission moved to dismiss the appeal for lack of subject matter jurisdiction. In seeking dismissal, the Commission contends there is no specific constitutional or statutory right to appeal actions taken by it under the Fish and Game Act and, therefore, Appellants' right of review is not by way of a direct appeal, but via a writ of certiorari from the district court. *See* Rule 1-075 NMRA (setting out procedure for review by district court of administrative decisions and orders when there is no statutory right of appeal or other statutory right of review).

**{5}** In response, Appellants assert that a direct right to appeal to this Court exists on the basis of the plain language of a provision found in the Wildlife Conservation Act (WCA), NMSA 1978, §§ 17-2-37 to -46 (1974, as amended through 1999). That provision authorizes "[a]ny person adversely affected" by a regulation adopted by the Commission to appeal to the Court of Appeals. Section 17-2-43.1(B).

**DISCUSSION**

**I.      Jurisdiction and Standard of Review**

**{6}** The New Mexico Court of Appeals is a court of limited jurisdiction. *State ex rel. Dep't of Human Servs. v. Manfre*, 1984-NMCA-135, ¶ 9, 102 N.M. 241, 693 P.2d 1273. Under Article VI, Section 29 of the New Mexico Constitution, this Court may be authorized by law to directly review decisions of state administrative agencies and may be authorized by rule of our Supreme Court to issue writs. In all other cases, we exercise appellate jurisdiction as provided by law. *Manfre*, 1984-NMCA-135, ¶ 9.

**{7}** As a court of limited jurisdiction, we review administrative agency decisions only "when express legislative authorization specifies a right of direct appeal." *Id.* Here, the sole issue before us is whether the Legislature has authorized a direct appeal allowing us to review the Commission's amended regulation. To resolve that issue, we must construe the meaning of Section 17-2-43.1(B), which is a question of law we review de novo. *See Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶¶ 5, 7, 146 N.M. 24, 206 P.3d 135.

**{8}** If the statutory language is "clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *State v. Smith*, 2009-NMCA-028, ¶ 8, 145 N.M. 757, 204 P.3d 1267 (internal quotation marks and citation omitted). A court's "primary goal in interpreting a statute is to give effect to the Legislature's intent[,]" which "is to be determined primarily by the language of the act, and words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated." *N.M. Bldg. & Constr. Trades Council v. Dean*, 2015-NMSC-023, ¶ 11, 353 P.3d 1212 (internal quotation marks and citations omitted). "The text of a statute . . . is the primary, essential source of its meaning." NMSA 1978, § 12-2A-19 (1997); *see Nat'l Educ. Ass'n of N.M. v. Santa Fe Pub. Sch.*, 2016-NMCA-009, ¶ 6, 365 P.3d 1.

**{9}** While the simplicity of the plain language rule is attractive, we must examine Appellants' interpretation of Section 17-2-43.1(B) in relation to the entire statute, so that we can ensure "words are not interpreted outside of any relevant legislative context." *See State v. Martinez*, 1998-NMSC-023, ¶ 9, 126 N.M. 39, 966 P.2d 747. We must construe the entirety of the statute and consider all provisions in relation to one another so that no part of the statute is rendered superfluous. *Regents of Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 28, 125 N.M. 401, 962 P.2d 1236.

## II. The Legislature Has Not Authorized a Direct Appeal of the Commission's Amended Cougar Rule

**{10}** Appellants argue that the plain language of Section 17-2-43.1(B) specifically authorizes appellate review. This section, found within the WCA, states that "[a]ny person adversely affected by a regulation adopted by the [C]ommission may appeal to the [C]ourt of [A]ppeals." *Id.* Appellants contend that this Court should look no further than this language, because "[t]he text of a statute or rule is the primary, essential source of its meaning." Section 12-2A-19. The Commission acknowledges the WCA's judicial review section grants this Court jurisdiction over appeals of regulations promulgated pursuant to the WCA, but emphasizes that the Cougar Rule was not

issued under the ambit of the WCA, but was promulgated pursuant to its general authority to issue regulations related to game and fish. *See* § 17-1-14 (commission's general powers and duties); § 17-1-26 (commission's power to establish rules and regulations). Thus, the Commission argues the WCA's judicial review section does not apply to the Cougar Rule and cannot be used to create jurisdiction in this Court where none otherwise exists.

**{11}**  Applying the rules of statutory construction discussed above compels the conclusion that Section 17-2-43.1(B) of the WCA applies specifically and exclusively to regulations promulgated pursuant to that Act, and cannot be imported into our analysis here to provide a right of appellate review extending to all regulations that the Commission is empowered to issue. To reach that conclusion, we need only examine and contrast the Commission's general responsibilities under the Fish and Game Act with its specific obligations under the WCA.

**{12}**  The Commission's purpose is "to provide an adequate and flexible system for the protection of the game and fish of New Mexico and for their use and development for public recreation and food supply[.]" NMSA 1978, § 17-1-1 (1931). The Commission has broad regulatory authority to carry out its purpose to protect New Mexico wildlife for the benefit of its citizens. *State ex rel. Sofeico v. Heffernan*, 1936-NMSC-069, ¶ 26, 41 N.M. 219, 67 P.2d 240. The Commission is authorized to issue rules and regulations relating to wildlife, including issuing regulations "providing when, to what extent, if at all, and by what means game animals, birds and fish may be hunted [or] taken[.]" Section 17-1-26. Although the Commission is required to hold hearings to review the propriety of its rulemaking activities "concerning hunting or fishing" upon the petition of a certain percentage of the county electorate, *see* NMSA 1978, § 17-1-27 (1921), the Fish and Game Act contains no provision for judicial review of the regulations adopted thereunder by the Commission.

**{13}**  The Commission's distinct obligations under the WCA are to identify and protect threatened and endangered species indigenous to the state. *See* §§ 17-2-39, -41. In order to carry out the WCA's purpose, the director of the department of game and fish is obligated to conduct a biennial review of all listed species of wildlife and conduct investigations of potentially threatened or endangered species in order to make recommendations to the Commission for changing the list of threatened or endangered species as circumstances may warrant. Section 17-2-41(B). The investigative and review procedures set out in the WCA are specific and detailed, requiring the director, among other things, to create a public repository file to maintain all underlying data pertaining to the investigation process or a potential species recovery plan. Section 17-2-40(B)-(F). Once the investigation is complete, the director makes recommendations to the commission regarding listing, not listing, or delisting species. Section 17-2-40(K). After receiving recommendations, the Commission makes the public repository file available and holds public hearings to present the findings of the investigation. *Id.* At those hearings, people may submit additional written technical and scientific testimony, as well oral comments, views, and data. *Id.* As part of this comprehensive and exhaustive statutory framework, the Legislature saw fit to include in the WCA an

express provision that provides an avenue for direct appeal of regulations implemented by the Commission. Section 17-2-43.1(B) ("Any person adversely affected by a regulation adopted by the [C]ommission may appeal to the [C]ourt of [A]ppeals. All appeals shall be upon the record made at the hearing or contained in the public repository file[.]").

**{14}** As indicated, the Legislature has delegated to the Commission both the *general* authority to manage wildlife so that New Mexicans can enjoy access to wildlife for hunting, fishing, and other public recreational purposes, and the *specific* authority, limited by a detailed and thorough investigative review process, to identify threatened or endangered species in order to protect them. Reading these provisions together in the context of the Commission's general regulatory obligations under the Fish and Game Act and its specific obligations pursuant to the WCA, establishes that the purpose of the judicial review provision of Section 17-2-43.1(B) is to provide immediate review of regulations promulgated pursuant to the WCA after the Commission completes the entire review, investigation, and listing/delisting process. Immediate review of a WCA-promulgated regulation is appropriate given the importance of protecting endangered or threatened wildlife while at the same time ensuring that conservation measures do not unnecessarily infringe on the public's right to enjoy indigenous wildlife.

**{15}** Appellants' plain language argument asks us to ignore the second sentence of Section 17-2-43.1(B), which expressly contemplates appellate review of the record created at "the hearing" or contained in "the public repository file." Appellants argue that appellate review of "the hearing" means review of any record generated at any hearing held by the Commission. Appellants' interpretation ignores the limiting function of the word "the." The use of the definite article "the" immediately before "hearing" and immediately before "public repository file" indicates that "hearing" and "public repository file" are not general categories of materials, but are the specific hearings and files that must be created as part of the WCA's clearly delineated process to evaluate and list a species as threatened or endangered. *See generally State v. Whittington*, 2008-NMCA-063, ¶ 12, 144 N.M. 85, 183 P.3d 970 ("The term 'the' is used as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context of the situation." (internal quotation marks and citation omitted)). Appellants fail to explain why application of the WCA's judicial review section to the Cougar Rule is consistent with the WCA's stated purpose to identify and protect threatened and endangered New Mexico wildlife. Cougars are neither threatened nor endangered, and the WCA's purpose is not furthered by applying its provisions to a regulation affecting a New Mexico species that is not at risk. Had the Legislature intended to apply the WCA's judicial review provision to rules affecting New Mexico wildlife that are neither endangered nor threatened, it could have done so.

**{16}** Appellants raise two additional arguments, neither of which we find persuasive. First, Appellants assert that the Cougar Rule invokes the WCA's authority because the rule bans the use of snares in jaguar-critical habitat and because preservation of big horn sheep, a protected species, was a motivation for allowing expanded trapping under

the rule. Appellants' argument infers that, because the Cougar Rule's provisions touch on protected species, the WCA's authority is implicated, creating jurisdiction in this Court. However, Appellants fail to show that the Cougar Rule was enacted pursuant to the WCA's authority to manage and protect endangered or threatened species and cite no authority to support their claim of "implied jurisdiction." We have no duty to review this undeveloped argument. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701.

**{17}** Second, Appellants contend that the Commission's failure to timely raise the issue of subject matter jurisdiction unfairly prejudiced them. "[S]ubject matter jurisdiction cannot be waived and may be raised at any time, including on appeal to this Court." *Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 20, 388 P.3d 998 (citing *Becenti v. Becenti*, 2004-NMCA-091, ¶ 13, 136 N.M. 124, 94 P.3d 867). Thus, the Commission properly raised the jurisdictional issue even though the appeal was pending when the Commission filed its dismissal motion.

**{18}** Finally, Appellants request that we transfer the appeal to district court in the event we determine that we do not have subject matter jurisdiction to entertain the appeal. Appellants fail to provide us with any authority that would allow us to simply transfer this case when they failed to comply with procedural requirements. This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

**{19}** It is the province of the district court to issue a writ of certiorari upon review of a writ petition for technical compliance with the requirements of Rule 1-075(B)-(E), and upon a "prima facie showing that the court has jurisdiction over the agency, that the petitioner is entitled to relief, and that the petitioner does not have a right to review by appeal." Rule 1-075(G). We will not circumvent that authority in the first instance, and thus decline to transfer this appeal to the district court.

**CONCLUSION**

**{20}** For the foregoing reasons, we dismiss this appeal for lack of subject matter jurisdiction.

**{21}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**