This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37241**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER HEH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Following a jury trial, Defendant Christopher Heh was convicted of possession of a stolen vehicle and resisting, evading, or obstructing a peace officer. Defendant appeals his conviction for possession of a stolen vehicle. We affirm.

**BACKGROUND**

**{2}**     Martel Ration reported that his truck was stolen from his apartment. The following day, Mr. Ration's sister observed the truck parked in a shopping center parking lot near the apartment. Two Albuquerque Police Department (APD) Officers, Eduardo Ibarra and Daniel Sanchez (collectively, the Officers), responded to the parking lot and found Defendant sleeping barefoot inside. Officers instructed Defendant to "step out" of the truck, to which Defendant responded, "I was sleeping in my car," and made other claims of ownership of the truck before stating he had stolen it. Defendant later denied telling the Officers he had stolen the truck. He was arrested at the scene. Inside the truck, the Officers found Defendant's backpack and shoes. The backpack contained a hammer, two flathead screwdrivers, a wrench, two box cutters, a drill bit, and a car key not associated with Mr. Ration's vehicle with file marks on it.

**{3}**     Defendant was indicted for, among other things, possession of a stolen motor vehicle, contrary to NMSA 1978, Section 30-16D-4(A) (2009). At trial, Defendant requested the district court instruct the jury on criminal trespass as a lesser included offense of possession of a stolen vehicle, based on a theory that Defendant was using the car only for shelter, which Defendant argued was akin to entering a home without permission. The district court denied Defendant's proposed instruction, reasoning that the Legislature did not intend to include vehicles in the criminal trespass statute. The jury convicted Defendant of possession of a stolen vehicle, and this appeal followed.

## DISCUSSION

**{4}**     Defendant advances two arguments on appeal. First, Defendant asks this Court to hold that criminal trespass is a lesser included offense of possession of a stolen vehicle and to overrule our contrary precedent. Defendant next contends that it was error not to instruct the jury on the definition of "possession." Defendant raises this issue for the first time on appeal. We address each argument in turn.

## I.     Criminal Trespass Is Not a Lesser Included Offense of Possession of a Stolen Vehicle

**{5}**     "The propriety of denying a jury instruction is a mixed question of law and fact that we review de novo." *State v. Gaines*, 2001-NMSC-036, ¶ 4, 131 N.M. 347, 36 P.3d 438. It is reversible error to fail to instruct the jury on a lesser included offense when: "(1) the lesser offense is included in the greater, charged offense; (2) there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed; and (3) the defendant has tendered appropriate instructions preserving the issue." *State v. Jernigan*, 2006-NMSC-003, ¶ 21, 139 N.M. 1, 127 P.3d 537.

**{6}**     Defendant argues that the jury should have been instructed on criminal trespass as a lesser included offense of possession of a stolen vehicle, because one may enter a vehicle without the intent to possess the vehicle or commit another offense. Specifically, Defendant contends that our statutory scheme creates inequity, as one can unlawfully enter a house without further criminal intent and be charged only with a misdemeanor,

while one who unlawfully enters a vehicle is necessarily charged with a felony. To address this, Defendant invites us to overrule our prior conclusion that vehicles are not included in the criminal trespass statute and hold that criminal trespass is a lesser included offense of possession of a stolen vehicle. We decline to do so.

**{7}** "Criminal trespass requires entry of 'lands of another[.]' " *State v. Ruiz*, 1980-NMCA-123, ¶ 45, 94 N.M. 771, 617 P.2d 160, *superseded by statute on other grounds as stated in State v. McCormack*, 1984-NMCA-042, ¶ 12, 101 N.M. 349, 682 P.2d 742; *see* NMSA 1978, § 30-14-1 (1995) (defining "criminal trespass"); *see also State v. Tower*, 2002-NMCA-109, ¶ 7, 133 N.M. 32, 59 P.3d 1264, ("Trespassing, both at common law and by statute, is the entry onto another's property without permission of the owner."), *overruled on other grounds by State v. Archuleta*, 2015-NMCA-037, ¶ 19, 346 P.3d 390. When this Court interprets statutes, "our primary goal is to give effect to the intent of the Legislature. The primary indicator of legislative intent is the plain language of the statute." *State v. Whittington*, 2008-NMCA-063, ¶ 11, 144 N.M. 85, 183 P.3d 970 (citation omitted). "The words of a statute, including terms not statutorily defined, should be given their ordinary meaning absent clear and express legislative intention to the contrary." *State v. Ogden*, 1994-NMSC-029, ¶ 24, 118 N.M. 234, 880 P.2d 845. Using this framework, we have previously concluded that "[l]ands," as used in the criminal trespass statute, "includes buildings and fixtures, and is synonymous with real property" but does not include vehicles. *Ruiz*, 1980-NMCA-123, ¶ 45.

**{8}** We understand Defendant's argument to be one premised on equity. Specifically, Defendant argues that it is unjust for our Legislature to punish facially similar offenses differently. However, "[a]bsent a compelling reason, not present here, the judiciary should not impose its own views concerning the appropriate punishment for crimes." *State v. Archibeque*, 1981-NMSC-010, ¶ 5, 95 N.M. 411, 622 P.2d 1031; *see Aeda v. Aeda*, 2013-NMCA-095, ¶ 11, 310 P.3d 646 ("Unless a statute violates the Constitution, we will not question the wisdom, policy, or justness of the legislation enacted by our Legislature." (alteration, internal quotation marks, and citation omitted)). Defendant further notes that many states specifically punish vehicular trespass and argues that our Legislature intended our criminal trespass statute to do the same. Yet, in the forty years since we decided *Ruiz* and concluded that vehicles are not included in the criminal trespass statute as written, our Legislature has not thought it necessary to amend the statute to include vehicles, nor has it enacted a separate vehicular trespass statute. Therefore, as an appellate court, "we will not read into a statute language that is not there[.]" *Harris v. Vazquez*, 2012-NMCA-110, ¶ 10, 288 P.3d 294; *see State v. Greenwood*, 2012-NMCA-017, ¶ 38, 271 P.3d 753 ("The Legislature knows how to include language in a statute if it so desires." (alteration, internal quotation marks, and citation omitted)).

**{9}** Because our criminal trespass statute does not extend to vehicles, it is not a lesser included offense of possession of a stolen motor vehicle and Defendant was not entitled to a jury instruction on criminal trespass. *See Jernigan*, 2006-NMSC-003, ¶ 21 (explaining what is necessary for a jury instruction on a lesser included offense); *see also State v. Nieto*, 2000-NMSC-031, ¶ 17, 129 N.M. 688 ("[A] defendant has no right to

have a legally incorrect jury instruction read to the jury."); *State v. Salazar*, 1997-NMSC-044, ¶ 57, 123 N.M. 778 ("It is not error for a trial court to refuse instructions which are inaccurate."); *State v. Castaneda*, 1982-NMCA-046, ¶ 33, 97 N.M. 670, 642 P.2d 1129 ("In order to premise error on the refusal of the trial court to instruct, the defendant must tender a legally correct statement of law."). Having concluded that Defendant was not entitled to a jury instruction on criminal trespass because it is not a lesser included offense of possession of a stolen motor vehicle, we need not address Defendant's remaining arguments on this claim.

## II. Failure to Instruct the Jury on the Definition of Possession Was Not Preserved

**{10}** We review unpreserved issues for fundamental error. *State v. Johnson*, 2010-NMSC-016, ¶ 25, 148 N.M. 50, 229 P.3d 523. "The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (internal quotation marks and citation omitted). Our analysis requires us to answer "whether the court's failure to define the essential element of possession for the jury caused 'fundamental unfairness' in [the d]efendant's trial." *State v. Barber*, 2004-NMSC-019, ¶ 18, 135 N.M. 621, 92 P.3d 633. In most cases, "a missing definition cannot result in the sort of 'fundamental unfairness' that undermines the integrity of the judicial system." *Id.* ¶ 20.

**{11}** Defendant argues that it was fundamental error not to instruct the jury on the definition of "possession." Specifically, Defendant contends that because the jury could have believed Defendant's theory that he was merely sleeping in a truck, and that because sleeping in the truck, alone, does not necessarily suggest that he exercised control of the truck, the jury may have been significantly confused on what was necessary for conviction. We are not persuaded.

**{12}** To convict Defendant for possession of a stolen vehicle, the jury had to find, in relevant part, that Defendant "had possession of" the vehicle in question. UJI 14-1652 NMRA. The definition instruction for "possession" states that an individual possesses an object "when, on the occasion in question, he knows what it is, he knows it is on his person or in his presence and he exercises control over it." UJI 14-130.

**{13}** In *Barber*, our Supreme Court acknowledged that the omission of the definition of "possession" from the jury instructions can leave room for confusion, because "[t]he legal definition of possession is not necessarily rooted in common discourse." 2004-NMSC-019, ¶ 22. The Court further noted that "most definitional instructions merely amplify an element instruction[.]" *Id.* ¶ 25. However, because some definitional instructions "can be of central importance[,]" "we must place all the facts and circumstances under close scrutiny to see whether the missing instruction caused such confusion that the jury could have convicted [the d]efendant based upon a deficient

understanding of the legal meaning of possession as an essential element of the crime." *Id.*

**{14}** Here, we conclude that the facts and circumstances surrounding Defendant's presence in the stolen truck allowed the jury to properly infer that Defendant exercised control over it. *See State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 ("An inference is merely a logical deduction from facts and evidence." (internal quotation marks and citation omitted)). The evidence at trial established that Defendant was found by the Officers sleeping barefoot inside the truck with his possessions. Officer Sanchez testified that among Defendant's possessions were a number of tools commonly used to tamper with vehicle ignitions to make them start without the owner's key. Further, Defendant initially claimed ownership of the truck before admitting that he had stolen it.

**{15}** For these reasons, we cannot conclude that the Defendant is "indisputably innocent," and we are satisfied that the jury's verdict was not premised on confusion or misdirection regarding the legal definition of "possession" such that Defendant's trial was "fundamentally unfair[.]" *Barber*, 2004-NMSC-019, ¶ 17 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused"). Therefore, the omission of the jury instruction for the definition of "possession" does not amount to fundamental error.

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm Defendant's conviction for possession of a stolen vehicle.

**{17}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**